UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Pitcairn Franchise Development, LLC,

    Plaintiff,

v.                                                                  Case No. 21-10550

JTH Tax, LLC                                                Sean F. Cox
                                                           United States District Court Judge

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

### INTRODUCTION

This is Defendant's motion to transfer venue to the United States District Court for the Eastern District of Virginia, Norfolk Division. For the reasons below, the Court GRANTS Defendant's motion to transfer.

### BACKGROUND

On March 4, 2021, Plaintiff, Pitcairn Franchise Development, LLC ("Pitcairn"), initiated this action in Washtenaw County Circuit Court. (ECF No. 1-1 at PageID 9). On March 12, 2021, Defendant, JTH Tax, LLC d/b/a Liberty Tax Service ("Liberty"), removed to this Court through diversity jurisdiction. (ECF No. 1, at PageID 4).

On December 31, 2007, the parties entered into their first contract, but not the one at issue in this action. (ECF 8-4). Peter Ziolkowski ("Ziolkowski") (Pitcairn's managing member) and Liberty entered into the form agreement called Area Development Agreement ("2007 ADA"). The 2007 ADA required Ziolkowski to find, solicit, and recruit candidates to operate a franchise within a territory located in Maryland, the District of Columbia, Virginia, and West Virginia. (ECF 8-4

1

at PageID 171). The 2007 ADA was for a ten-year term and contained a renewal provision. (ECF 8-4 at PageID 164).

On February 29, 2008, the parties entered into their second Area Developer Agreement ("2008 ADA"), which is at issue in this action. (ECF 8-3). The 2008 ADA required Ziolkowski to find, solicit, and recruit candidates to operate a franchise within a territory located in Pennsylvania and Delaware. (ECF 8-3 at PageID 148). The 2008 ADA also was for a ten-year term and contained a renewal provision. (ECF 8-3 at PageID 141). The 2008 ADA contains a choice-of-law provision, under which the parties agreed that Virginia law governs all claims that in anyway relate to or arise out of the agreement. (ECF at PageID 144). The 2008 ADA also contains a Jurisdiction and Venue provision, which states:

> In any suit brought against [Liberty], including our present and former employees and agents, which in any way relates to or arises out of this Agreement, or any of the dealings of the parties hereto, venue shall be proper only in the federal court located nearest our National Office (presently the U.S. District Court in Norfolk, Virginia), or if neither federal subject matter or diversity jurisdiction exists, in the city or county state court located where our National Office is (presently the City of Virginia Beach, Virginia).

(ECF 8-3 at PageID 144).

In March 2008, Ziolkowski formed Pitcairn. (ECF 12-2). In 2014, Liberty, Pitcairn, and Ziolkowski entered into an Assignment and Amendment whereby the 2008 ADA was amended and assigned from Ziolkowski to Pitcairn. (ECF 12-8 at PageID 130-131).

This current action is one of many in the parties' contractual dispute. In December 2017, Pitcairn filed a Demand for Arbitration with the American Arbitration Association ("AAA") alleging breach of the 2007 ADA for failure to renew the contract. (ECF 8-5 at PageID 180). In the Amended Demand, Pitcairn asserted that "claimant is entitled to renew upon the same or similar terms as the [2007 ADA] for a term of 10 years" and a claim for "Failure to Pay Royalties

2

On Ancillary Services." (ECF 8-2 at PageID 118). In the Final Arbitration Order and Award On Parties' Cross-Motions for Summary Judgment, the AAA ruled that:

> In sum, even if Pitcairn had satisfied the conditions precedent for renewal, which it indisputably did not, the uncontroverted facts and law establish that Liberty is only required to offer the form of ADA currently offered by Liberty and that the form of the then-current ADA does not have to be on the same or similar terms as the 2007 ADA.

(ECF 8-2 at PageID 130). The AAA also found Pitcairn was not entitled to a portion of all of Liberty's revenue streams. (ECF 8-2 at PageID 131).

On February 6, 2021, – the day after the AAA issued the Final Order regarding the 2007 ADA – Liberty sent Pitcairn a letter terminating the 2008 ADA. On March 4, 2021, Pitcairn initiated this litigation.

In the Complaint in this action, Pitcairn alleges: one count seeking declaratory judgment "stating that it has the right to renew the ADA upon the terms and conditions stated in the original 2008 agreement, and not upon the materially different terms presented by Liberty" (Count I); one count seeking an temporary restraining order enjoining Liberty from terminating the 2008 ADA (Count II); one count of breach of the area development agreement – wrongful termination (Count III); and one count of breach of the area development agreement – failure to provide renewal agreement under the same terms (Count IV). (ECF No. 1-1 at PageID 18-40).

## ANALYSIS

A district court may transfer any civil action to any other district or division where it might have been brought for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). In cases like this one, where the parties have agreed to a forum-selection clause, the Supreme Court has held that "a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a §

1404(a) motion be denied." *Atlantic Marine Const. Co., Inc. v. U.S. Distr. Court for Western District of Texas et al.*, 571 U.S. 49, 62 (2019).

Pitcairn does not dispute that that the 2008 ADA contains a forum-selection clause stating that claims under the 2008 ADA shall be brought in Virginia. (Pl's Br. at PageID 556). Instead, the thrust of Pitcairn's argument is that the Michigan Franchise Investment Law ("MFIL") renders the forum-selection clause void. The Court does not find this argument persuasive because it is based on a misunderstanding of Michigan law from a completely dissimilar case from the Virginia Supreme Court: *Ward's Equipment, Inc., et al. v. New Holland North America, Inc.*, 254 Va. 379, 386 (1997).

As an initial matter, the 2008 ADA has a governing-law provision, which states in relevant part:

> **a. Virginia Law.** This Agreement is effective upon its acceptance in Virginia by our authorized officer. Virginia law governs all claims which in any way related to or arise out of this Agreement or any of the dealings of the parties hereto.

(ECF No. 8-3 at PageID 144).

Despite this clear contractual provision that establishes that Virginia law shall apply to claims arising from the 2008 ADA, Pitcairn asserts that Michigan law should apply because Virginia courts have previously "recognized the applicability of the MFIL despite choice of law provision." (Def's Br. at PageID 560). Pitcairn bases this argument on a Virginia Supreme Court case that briefly interpreted the MFIL and ultimately concluded that the MFIL was inapplicable because of the geographic limitation in the statute. *Ward's Equipment*, 254 Va. at 386. The Virginia Supreme Court reasoned:

> In the present case, the Michigan franchise law is inapplicable because it contains a geographic limitation; it applies only to franchises "made" in Michigan. See Mich. Comp. Laws § 445.1504; *Hacienda Mexican Restaurants v. Hacienda Franchise Group*, 195 Mich.App. 35, 489 N.W.2d 108, 111 (1992). Under paragraph (2) of the statute, a franchise agreement is "made in Michigan "when an

4

> offer to sell is made" there, *or* if "an offer to buy is accepted" there, *or* "if the franchise is domiciled" there, *or* if "the franchised business is or will be operated there.

*Ward's Equipment*, 254 Va. at 386 (emphasis added). While the Virginia Supreme Court is correct that the MFIL has a geographic limitation to only franchises made in Michigan, the court misstated paragraph two of the statute by adding in an additional "or" that is not in the text of the statute. The text of paragraph two of the MFIL states in full:

> (2) An offer or sale of a franchise is made in this state when an offer to sell is made in this state, *or* an offer to buy is accepted in this state, *or* if the franchisee is domiciled in this state, the franchised business is or will be operated in the state.

Mich. Comp. Laws § 445.1504(2) (emphasis added). When read carefully, the statute is clear that there are three ways – not four as asserted by the Virginia Supreme Court – that a franchise agreement is "made" in Michigan: (1) when an offer to sell is made in Michigan; (2) when an offer to buy is accepted in Michigan; and (3) when, if the franchisee is domiciled in Michigan, the franchised business is or will be operated in the state. Domicile in Michigan and operation of the franchised business in Michigan are not separate ways that a franchise is "made" in Michigan. Instead, one qualifies the other: both the franchisee's domicile in Michigan and operation of the franchised business in Michigan need to occur to trigger the third option in the MFIL. Because there is no franchise that is operated in Michigan, Pitcairn's domicile in Michigan does not trigger application of the MFIL.

The Court finds that the forum-selection clause is valid because the franchise at issue was not "made" in Michigan and therefore the MFIL does not apply.

Because the Court finds that the forum-selection clause is valid, the usual § 1404(a) analysis is adjusted in three ways. *Atlantic Marine*, 571 U.S. at 62-63. First, "the plaintiff's choice of forum merits no weight" and the plaintiff bears the burden of establishing "that transfer to the forum for which the parties bargained is unwarranted." *Id*. at 63. Second, the Court should not "not

5

consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or their pursuit of the litigation." *Id*. at 64. Therefore, the Court may only consider arguments about public-interest factors, and these public-interest factors "rarely defeat a transfer motion." *Id*. Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Id*.

Therefore, the Court may only analyze public interest factors, which include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*. at n. 6 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 n.6 (1981)). Pitcairn has not provided any argument that these public interest factors override the forum-selection clause. Thus, Pitcairn has not carried its burden of establishing "that transfer to the forum for which the parties bargained is unwarranted." *Id*. at 63.

## CONCLUSION

For the reasons described above, the Court finds that the forum-selection clause in the 2008 ADA is valid. Therefore, the Court GRANTS Defendants' motion to transfer venue to the United States District Court for the Eastern District of Virginia, Norfolk Division because Plaintiff has not shown why any of the public interest factors should override the forum-selection clause in the 2008 ADA.

**IT IS SO ORDERED**.

Dated: May 25, 2021

s/Sean F. Cox
Sean F. Cox
U. S. District Judge