

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **PITCAIRN FRANCHISE DEVELOPMENT, LLC,** | |
| Plaintiff, | |
| v. | Case No.: 2:21-cv-295-RAJ-LRL |
| **JTH TAX, LLC,** | |
| Defendant. | |

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Pitcairn Franchise Development, LLC's ("Plaintiff") Motion for Preliminary Injunction (ECF No. 10), Plaintiff's Motion to Show Cause (ECF No. 31), and JTH Tax, LLC's ("Defendant") Motion to Dissolve the Temporary Restraining Order issued by the Eastern District of Michigan on March 26, 2021 (ECF No. 33). On April 7, 2022, the Court held a hearing during which all three motions were addressed. Apr. 7, 2022 Hr'g Mins., ECF No. 52. For the reasons stated on the record, Defendant's Motion to Dissolve the Temporary Restraining Order is **GRANTED**. Accordingly, Plaintiff's Motion to Show Cause is **DISMISSED** as moot. In this Memorandum Opinion and Order, the Court addresses Plaintiff's Motion for Preliminary Injunction. For the reasons stated below, Plaintiff's Motion for Preliminary Injunction ("Motion") is also **DISMISSED** as moot.

### I.     FACTUAL AND PROCEDURAL HISTORY

On February 29, 2008, the parties entered into a 10-year area developer agreement (the "2008 ADA" or "Agreement") in which the parties agreed that Plaintiff will receive royalties and other payment from Defendant in exchange for providing recruitment and management services to Defendant's tax franchises in the Philadelphia metropolitan area. Pl.'s Mot. Prelim. Inj., ECF

No. 10 at 9; Def.'s Br. Opp'n Pl.'s Mot. Prelim. Inj. ("Def.'s Br. Opp'n"), ECF No. 13 at 12. On February 15, 2018, the parties amended the 2008 ADA to state that the Agreement, which had an expiration date of February 28, 2018, "shall be extended and remain in full force and effect until 30 days after a final decision and award" in the arbitration of a separate 10-year developer agreement between the parties (the "2007 ADA"). Pl.'s Mot. Prelim. Inj. at Ex. 4.

On February 5, 2021, the American Arbitration Association rendered its final decision and award regarding the 2007 ADA, establishing March 7, 2021 as the new expiration date for the 2008 ADA. Pl.'s Resp. Opp'n Def.'s Mot. Dissolve TRO, ECF No. 40 at 3; Def.'s Br. Opp'n at 4. On February 6, 2021, Defendant sent Plaintiff a letter stating that "effective immediately, the [2008 ADA is] . . . hereby non-renewed such that, effective immediately, you shall no longer retain any right to the territories as listed [in the Agreement]. Please be reminded that you are bound by your post-termination duties . . . ." Pl.'s Mot. Prelim. Inj. at Ex. 5. Defendant also ceased performance under the 2008 ADA, excluding its post-termination obligations. *See id.* at 7; Def.'s Mem. Supp. Mot. Dissolve TRO, ECF No. 34 at 2; Jan. 21, 2022 Mot. Hr'g Tr., ECF No. 43 at 4:14–18 (stating that "Liberty has not taken any action to comply . . . . In fact, they sent out letters to the franchisees, that Pitcairn had recruited over the years, telling them not to work with Pitcairn; and they have refused, since then, to pay any royalties that would have been due.").

On March 30, 2021, Plaintiff filed the instant Motion in the Eastern District of Michigan to enjoin Defendant from terminating and non-renewing the 2008 ADA. Pl.'s Mot. Prelim. Inj. at 3, 20. Defendant filed its response on April 9, 2021. Def.'s Br. Opp'n at 35. Plaintiff replied on April 16, 2021. Pl.'s Reply, ECF No. 16 at 8.

On May 26, 2021, the case was transferred to the Eastern District of Virginia. Order Transfer Case, ECF No. 20. On January 7, 2022, the parties filed a joint request for a hearing on

Plaintiff's Motion. J. Req. Hr'g, ECF No. 36. On April 7, 2022, the Court held a hearing on the matter. April 7, 2022 Hr'g Mins.

## II. LEGAL STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 7 (2008); *see also Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 347 (4th Cir. 2009) (adopting the preliminary injunction standard established in *Winter*), reversed on other grounds, 559 U.S. 1089 (2010). The applicant must prove that absent a preliminary injunction, they are likely to suffer irreparable harm—a harm that is not remote, speculative, or a mere possibility. *Winter*, 555 U.S. at 7–8.

Before turning to the merits of a motion for preliminary injunction, however, a court must first determine whether there is a "live" controversy between the parties. "'[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Kennedy v. Block*, 784 F.2d 1220, 1222 (4th Cir.1986) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Moreover, the relief a plaintiff seeks in its motion for preliminary injunction must be relief that a court could issue at the preliminary injunction stage. *Cunningham Energy, LLC v. Vesta O&G Holdings, LLC*, No. 2:20-CV-00061, 2020 WL 6140463, at *4–5 (S.D.W. Va. May 21, 2020).

## III. DISCUSSION

Plaintiff's Motion is moot because the action Plaintiff's is seeking to enjoin has already occurred. Additionally, Plaintiff's request for Defendant's specific performance is an inappropriate remedy at the preliminary injunction stage.

### A. Mootness

Plaintiff's Motion is moot because Defendant already ceased performance under the 2008 ADA and refused to renew the agreement on February 6, 2021. *See Ry. Lab. Executives Ass'n v. Chesapeake W. Ry.*, 915 F.2d 116, 118 (4th Cir. 1990) ("An appeal of the denial of an injunction to prohibit an act is rendered moot by the happening of the act."); *HCI Techs., Inc. v. Avaya, Inc.*, 241 F. App'x 115 (4th Cir. 2007) (holding in dicta that a preliminary injunction appeal would be moot if the only action sought to be prevented, the termination of an agreement between the parties, had already occurred) (citing *Ry*, 915 F.2d at 118). Accordingly, the controversy between the parties regarding Plaintiff's Motion is no longer "live," and neither party holds "a legally cognizable interest in the outcome." *Kennedy*, 784 F.2d at 1222 (quoting *Powell*, 395 U.S. at 496). For these reasons, the Court finds that it lacks jurisdiction to make a ruling on Plaintiff's Motion on the merits.

### B. Specific Performance

Moreover, even if the Court could address Plaintiff's Motion on the merits, Plaintiff is requesting Defendant's specific performance of the 2008 ADA as relief, which is not appropriate at the preliminary injunction stage. Specific performance is "above and beyond what is contemplated under preliminary injunction standards," which only requires a plaintiff to establish a *likelihood* of succeeding on the merits. *Cunningham*, 2020 WL 6140463, at *4–5 (emphasis added). Specific performance, on the other hand, may only be awarded at the court's discretion upon consideration of "all the circumstances" of a case. *Willard v. Tayloe*, 75 U.S. 557, 560 (1869); *Vienna Metro LLC v. Pulte Home Corp.*, 786 F. Supp. 2d 1090, 1101 (E.D. Va. 2011) (holding that whether to grant specific performance should be based on "equitable principles and the facts of a particular case"). It is well understood that a party "is not required to prove his case

4

in full at a preliminary injunction hearing," and factual findings made by a court at the preliminary injunction stage "are not binding at trial on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Cunningham*, 2020 WL 6140463, at *4 ("[B]ecause Plaintiffs failed to see the inherent conflict in moving for both specific performance and preliminary injunctive relief, the factual record is not developed. As a consequence, the parties failed to provide this Court with an adequate record to make this determination."). Therefore, in addition to the issue of mootness, Plaintiff's Motion is dismissed because Plaintiff's requested relief is inappropriate at the preliminary injuncting stage.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Preliminary Injunction is **DISMISSED** as moot. Additionally, Defendant's Motion to Dissolve the Temporary Restraining Order is **GRANTED**, and Plaintiff's Motion to Show Cause is **DISMISSED** as moot.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to the parties and all counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
April /\ , 2022

Raymond A. Jackson
United States District Judge